THE BOARD OF EDUCATION, COMMUNITY UNIT SCHOOL DISTRICT No. 200, DU PAGE COUNTY, Petitioner-Appellant, v. NYLA VERISARIO, Respondent-Appellee and Counterpetitioner-Appellant (Board of Education, Community Unit School District No. 200, Du Page County, *et al.*, Counterrespondents-Appellees).

Second District No. 85—0034

Opinion filed May 6, 1986.—Rehearing denied June 17, 1986.

1002

Robert H. Ellch and Linda L. Eyestone, both of Scariano, Kula, Ellch & Himes, of Chicago Heights, for appellant.

Lawrence Jay Weiner, of Weiner, Neuman & Spak, of Chicago, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

This appeal involves an issue of disclosure of grand jury materials for use in a subsequent administrative proceeding. The circuit court of Du Page County entered a judgment suppressing the use of previously disclosed grand jury materials at a teacher-dismissal hearing. The court also declined to find any of the parties in contempt of court for disclosing the grand jury material. This appeal followed.

On February 25, 1982, petitioner, board of education of Community School District No. 200, Du Page County (board), adopted by resolution a notice of charges and dismissal against respondent, Nyla Verisario, a tenured teacher and employee of petitioner. The charges against respondent included, *inter alia*, that she was unethical, immoral and unprofessional in that she: (1) forged a United States Postal Service change-of-address form concerning an employee of petitioner; and (2) placed a false newspaper advertisement concerning an employee of petitioner.

An administrative hearing was convened. Pursuant to the board's request, the hearing officer issued a subpoena to the Wheaton police department on August 8, 1984. Among the documents produced un-

der the subpoena were handwriting exemplars and telephone records. The exemplars and telephone records were obtained by counterrespondent Jeffrey C. Ludman, an officer of the Wheaton police department, pursuant to grand jury subpoena previously obtained by counterrespondent J. Michael Fitzsimmons, then State's Attorney of Du Page County.

Respondent's dismissal hearing began on August 15, 1984. On September 17, 1984, respondent objected to the use of the handwriting exemplars and phone records at the hearing, contending that their use violated section 112—6(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 112—6(b)). The dismissal hearing was then stayed pending resolution of the issue by the circuit court.

On September 25, 1984, the board filed a petition for a protective order and enforcement of administrative subpoena in the circuit court. The petition sought a protective order declaring that the disclosure of the telephone records and the handwriting exemplars was not governed by section 112—6(b). In the alternative, if the court found section 112—6(b) was applicable, the petition sought an order permitting the use of the documents. On October 24, 1984, respondent filed a counterpetition for rule to show cause requesting that the board, Ludman and Fitzsimmons be found in contempt for disclosing grand jury matters. On December 14, 1984, the circuit court issued its judgment which suppressed the use of the handwriting exemplars and the telephone records at the dismissal hearing, but denied respondent's counterpetition for rule to show cause. The board thereafter appealed and respondent cross-appealed.

We note initially that this appeal involves the interpretation and application of section 112—6(b) of the Code of Criminal Procedure of 1963 which states in part:

"Matters other than the deliberations and vote of any grand juror may be disclosed by the State's Attorney solely in the performance of his duties. Matters occurring before the Grand Jury other than the deliberations and vote of any grand juror may be disclosed when the court, preliminary to or in connection with a judicial proceeding, directs such in the interests of justice or when a law so directs. *** Any grand juror or officer of the court who discloses, other than to his attorney, matters occurring before the Grand Jury other than in accordance with the provisions of this sub-section or Section 112—7 is in contempt of court, subject to proceedings in accordance to law." (Ill. Rev. Stat. 1983, ch. 38, par. 112—6(b).)

Our research discloses little case law interpreting this statute. There is, however, a substantial body of case law interpreting Rule 6(e) of the Federal Rules of Criminal Procedure. In view of the fact that Rule 6(e) was the model for section 112—6(b) (*People ex rel. Sears v. Romiti* (1971), 50 Ill. 2d 51, 58, *cert. denied* (1972), 406 U.S. 921, 32 L. Ed. 2d 121, 92 S. Ct. 1778), and contains similar or identical language in many respects, we find Federal case law instructive in interpreting section 112—6(b).

■■ The first issue raised is whether disclosure of the documents was proper as a disclosure by the State's Attorney "in the performance of his duties." (Ill. Rev. Stat. 1983, ch. 38, par. 112—6(b).) The board argues that the disclosure in the present case was in the performance of Fitzsimmons' duties because he was responding to an administrative subpoena. Respondent contends, however, that the phrase "solely in the performance of his duties" (Ill. Rev. Stat. 1983, ch. 38, par. 112—6(b)) is limited to the State's Attorney's duties in aiding a grand jury.

In *United States v. Sells Engineering, Inc.* (1983), 463 U.S. 418, 77 L. Ed. 2d 743, 103 S. Ct. 3133, the court was required to interpret Rule 6(e)(3)(A), which states:

"(3) Exceptions.

(A) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury, other than its deliberations and the vote of any grand juror, may be made to—

(i) an attorney for the government for use in the performance of such attorney's duty; and

(ii) such government personnel as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce criminal law."

The court held that the (A)(i) exception was limited to disclosure for use in the performance of the attorney's duty to enforce the Federal criminal law. Thus, attorneys for the civil division of the justice department could not obtain automatic disclosure of grand jury materials for use in a civil action, but instead had to seek a court order for such materials.

In reaching this narrow interpretation of subsection (A)(i), the court found that the drafters did not intend to grant free access to grand jury materials to attorneys not working on the criminal matters to which the materials pertained. (463 U.S. 418, 428-31, 77 L. Ed. 2d 743, 755-57, 103 S. Ct. 3133, 3140-42.) Further, the court found that if automatic, disclosure to nonprosecutors for civil use would: (1) in-

crease the risk of inadvertent or illegal release of grand jury materials to others; (2) further tempt prosecutors to manipulate the grand jury to improperly elicit evidence for use in civil cases and make detection of such abuses more difficult; and (3) threaten to subvert discovery limitations applied outside the grand jury context. 463 U.S. 418, 431-35, 77 L. Ed. 2d 743, 757-59, 103 S. Ct. 3133, 3142-44.

We find persuasive the court's reasoning in *Sells Engineering*. We further note that to permit a State's Attorney to disclose grand-jury matters in response to any civil or administrative subpoena would be contrary to the basic policy of grand jury secrecy behind section 112—6(b). We hold, therefore, that the disclosure of grand jury materials by a State's Attorney for use in a civil or administrative proceeding is not in the performance of his duties under section 112—6(b).

■ The second issue raised is whether disclosure of the handwriting exemplars was proper in this case because the exemplars had already been publically disclosed at respondent's forgery trial. While it is disputed whether such a disclosure occurred, we note that section 112—6(b) permits disclosure by a State's Attorney in the performance of his duties, by a court order in the interests of justice, or when disclosure is directed by a law. The statute does not permit disclosure on the basis that the grand jury material has been disclosed at a criminal trial. While such disclosure may be relevant in determining whether a court should order disclosure in the interests of justice, public disclosure does not, by itself, justify the disclosure as claimed here by appellant.

■ The third issue raised is whether disclosure in this case was made by the direction of a law. Section 24—12 permits disclosure "when a law so directs." The board argues that disclosure was made at the direction of a law in that disclosure was pursuant to an administrative subpoena issued pursuant to section 24—12 of the School Code which authorizes the hearing officer to "issue subpoenas requiring the attendance of witnesses." (Ill. Rev. Stat. 1983, ch. 122, par. 24—12.) We find it axiomatic, however, that a subpoena is not a "law." Further, while section 24—12 authorizes the issuance of subpoenas, the statute itself does not direct disclosure as required by section 112—6(b).

■ The fourth issue raised is whether the disclosure in this case was proper because the documents disclosed were not "[m]atters occurring before the [g]rand [j]ury" (Ill. Rev. Stat. 1983, ch. 38, par. 112—6(b)). The parties agree that under the statute a court order is required only to disclose matters occurring before the grand jury. The board contends that the documents disclosed were not matters that

occurred before the grand jury because they were sought for their own intrinsic value and not to learn what took place before the grand jury.[1] Respondent contends, however, that the documents were matters occurring before the grand jury because their disclosure would compromise the secrecy of the grand jury proceedings.

In shielding only matters occurring before the grand jury, section 112—6(b) was designed to protect from disclosure only the essence of what takes place in the grand jury room, in order to preserve the freedom and integrity of the deliberative process. (*In re Grand Jury Investigation* (3d Cir. 1980), 630 F.2d 996, 1000, *cert. denied* (1981), 449 U.S. 1081, 66 L. Ed. 2d 805, 101 S. Ct. 865.) This serves to protect the identity of witnesses or jurors, the substance of the testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like. (*Securities & Exchange Com. v. Dresser Industries, Inc.* (D.C. Cir. 1980), 628 F.2d 1368, 1382, *cert. denied* (1980), 449 U.S. 993, 66 L. Ed. 2d 289, 101 S. Ct. 529.) The mere fact that a particular document is reviewed by a grand jury does not convert it into a matter occurring before the grand jury within the meaning of section 112—6(b). (*In re Grand Jury Investigation* (3d Cir. 1980), 630 F.2d 996, 1000.) The statute was not intended to foreclose from all future revelation to proper authorities the same information or documents which were presented to the grand jury. *United States v. Interstate Dress Carriers, Inc.* (2d Cir. 1960), 280 F.2d 52, 54.

In *United States v. Stanford* (7th Cir. 1978), 589 F.2d 285, *cert. denied* (1979), 440 U.S. 983, 60 L. Ed. 2d 244, 99 S. Ct. 1794, the court explained the distinction between documents subpoenaed and examined by a grand jury and matters occurring before the grand jury:

> "Unless information reveals something about the grand jury proceedings, secrecy is unnecessary. *** Unlike testimony, documents are created for purposes other than the grand jury investigation; they are therefore more likely to be useful for purposes other than revealing what occurred before the grand jury. Persons may have a legitimate interest in documents so that disclosure to them does not constitute disclosure of matters occurring before the grand jury." [Citation.] (589 F.2d 285, 291.)

---

[1]The board also argues that the documents were not matters occurring before the grand jury because the documents were never disclosed to the grand jury. The record, however, shows that the trial court did not hear evidence on, or decide, this question of fact. We cannot, therefore, decide if disclosure was justified on this basis.

Thus, if a document is sought for its own sake, for its intrinsic value in the furtherance of a lawful investigation, rather than to learn what took place before the grand jury, and if the disclosure will not seriously compromise the secrecy of the grand jury investigation, disclosure is not prohibited. *In re Matter of Special March 1981 Grand Jury* (7th Cir. 1985), 753 F.2d 575, 578.

In the present case, the telephone records were sought to show that a call was placed from respondent's residence to a newspaper at about the time that a false newspaper advertisement concerning a school district employee was placed. The telephone records, therefore, were sought for their own intrinsic value in furtherance of a lawful investigation and not to learn what took place before the grand jury. Further, we disagree that disclosure of the telephone records would compromise grand jury secrecy.

The telephone records were created for an independent business purpose, not directly related to the prospect of a grand jury investigation, and might have been sought for any number of reasons by the grand jury. Disclosure of the records themselves would not disclose why the grand jury had subpoenaed them. Further, the records show only what telephone numbers were called from respondent's residence between February 28 and May 13, 1981. They do not reveal which phone calls, if any, the grand jury deemed important or what was said during any conversation. We find, therefore, that the telephone records were not matters occurring before the grand jury, that they were properly disclosed without a court order, and that the circuit court erred in ordering them suppressed before the dismissal hearing.

██ The handwriting exemplars were sought as an example of respondent's handwriting of a name at about the time the forgery occurred. Like the telephone records, the exemplars are sought for their own intrinsic value and not to learn what occurred before the grand jury. However, unlike the telephone records, the exemplars were created specifically for the grand jury and not for an independent purpose. In giving the exemplars, respondent wrote the actual name she was alleged to have forged and, while not totally clear from the record, the exemplars may have been made on United States postal forms identical to the one respondent allegedly forged. Disclosure of these exemplars would reveal the direction and purpose of the grand jury investigation. We find, therefore, that the handwriting exemplars were "matters occurring before the grand jury" under section 112—6(b).

██ The board argues in the alternative that, even if the handwriting exemplars constitute matters occurring before the grand jury,

the circuit court erred in ordering them suppressed because court-ordered disclosure in the interest of justice would have been proper in this case. Respondent contends that court-ordered disclosure would not have been proper in this case because the administrative dismissal hearing is not preliminary to or in connection with a judicial proceeding and because disclosure is not required in the interests of justice.

Under section 112—6(b), matters occurring before the grand jury may only be disclosed "preliminary to or in connection with a judicial proceeding." (Ill. Rev. Stat. 1983, ch. 38, par. 112—6(b).) In *In re Special February 1971 Grand Jury v. Conlisk* (7th Cir. 1973), 490 F.2d 894, the court held that a Chicago police board disciplinary hearing was preliminary to a judicial proceeding because the Illinois statutory scheme clearly contemplated judicial review of the board's finding and such review was a judicial proceeding. As in *Conlisk*, the statutory scheme involved in the present case clearly provides for judicial review, and the teacher may appear with counsel of her choice to present witnesses and evidence in her own behalf, may cross-examine witnesses against her, and a record of the hearing is kept. (Ill. Rev. Stat. 1983, ch. 122, pars. 24—12, 24—16.) Also, as in *Conlisk*, judicial review by the courts in this case would be a judicial proceeding because the reviewing court has vast powers of review extending to all questions of law and fact and may affirm or reverse in whole or in part or remand for further consideration or the taking of evidence. (Ill. Rev. Stat. 1983, ch. 110, pars. 3—1110, 3—111.) We find, therefore, that the teacher dismissal hearing may be viewed as preliminary to a judicial proceeding.

Section 112—6(b) also allows disclosure only in the interest of justice. (Ill. Rev. Stat. 1983, ch. 38, par. 112—6(b).) In deciding whether disclosure is required in the interests of justice, the court must apply a three-prong particularized-need test:

> "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." (*Douglas Oil Co. v. Petrol Stops Northwest* (1979), 441 U.S. 211, 222, 60 L. Ed. 2d 156, 167, 99 S. Ct. 1667, 1674; accord *In re Extended March 1975 Grand Jury No. 655* (1980), 84 Ill. App. 3d 847, 852.)

The trial court has substantial discretion in deciding whether to release grand jury matters (*Douglas Oil Co. v. Petrol Stops Northwest* (1979), 441 U.S. 211, 223, 60 L. Ed. 2d 156, 167, 99 S. Ct. 1667,

1675), and its decision should not be reversed absent an abuse of discretion.

Under the first prong of the test, the party seeking disclosure must show that the material sought is needed to avoid possible injustice in another judicial proceeding. The party must show not only the relevance and usefulness of the material sought, but also that without the material the case would be greatly prejudiced or an injustice would occur. (*United States v. Proctor & Gamble Co.* (1958), 356 U.S. 677, 682, 2 L. Ed. 2d 1077, 1082, 78 S. Ct. 983, 986.) The party must show that the material contains information which is necessary, rather than merely beneficial, to the action, and that the information contained therein could not be obtained through other channels. *Lucas v. Turner* (7th Cir. 1984), 725 F.2d 1095, 1102.

■ In the present case, the relevance and usefulness of the handwriting exemplars to prove the charge of forgery is clear. Further, the board has also shown that the exemplars are necessary to its case and cannot be obtained through other channels. The exemplars sought show respondent's writing of a specific name at about the time of the forgery in 1981. General samples of respondent's writing in 1981 may be available from the board's employment files, but would not show respondent's writing of the forged name. Specific exemplars obtained in 1983 by the hearing officer do not show respondent's handwriting at the time the forgery occurred.

Under the second prong of the particularized need test, petitioner must show that the need for disclosure is greater than the need for continued secrecy. As the considerations justifying secrecy become less relevant, the party asserting a need for grand jury materials will have a lesser burden in showing justification. *Douglas Oil Co. v. Petrol Stops Northwest* (1979), 441 U.S. 211, 223, 60 L. Ed. 2d 156, 167, 99 S. Ct. 1667, 1675.

Here there appears to be little justification for continued secrecy. It is generally agreed that there are five reasons for grand jury secrecy:

> " '(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent ac-

cused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.' " *Douglas Oil Co. v. Petrol Stops Northwest* (1979), 441 U.S. 211, 219 n.10, 60 L. Ed. 2d 156, 165 n.10, 99 S. Ct. 1667, 1673 n.10; accord *In re Extended March 1975 Grand Jury No. 655* (1980), 84 Ill. App. 3d 847, 851.

■■ The first three reasons are no longer applicable because the grand jury has concluded its investigation. The fifth reason is inapplicable where the accused is indicted. (1 C. Wright, Federal Practice and Procedure: Criminal sec. 106, at 244 (2d ed. 1982).) While respondent was not indicted by the grand jury, she was later charged by complaint with forgery of a United States Postal Service form. While the fourth reason, to encourage free and untrammeled disclosures by persons who have information, is applicable, we find, standing alone, that it does not justify the denial of disclosure in the present case in light of the board's demonstrated need for the exemplars.

■■ Under the third prong of the test, the court must determine whether the request for disclosure is structured to cover only material so needed. Here, the board has specifically sought only the handwriting exemplars which it established were directly pertinent to the need for disclosure. (*Douglas Oil Co. v. Petrol Stops Northwest* (1979), 441 U.S. 211, 224, 60 L. Ed. 2d 156, 168, 99 S. Ct. 1667, 1675.) The board has not conducted a fishing expedition by seeking wholesale disclosure of all grand jury materials. (See *Lucas v. Turner* (7th Cir. 1984), 725 F.2d 1095, 1108.) The board, therefore, has also met the third prong of the particularized-need test, and we find that the circuit court abused its discretion in finding that the exemplars should be suppressed at the dismissal hearing.

■■ Respondent lastly argues that regardless of whether disclosure is allowed under section 112—6(b), disclosure to the board in this case is improper because the hearing officer lacked statutory authority to issue a subpoena *duces tecum* for the documents. Respondent contends that under section 24—12, the hearing officer has authority to issue only a subpoena *ad testificandum*.

We find that this court lacks subject matter jurisdiction to decide the issue at this time. The question of whether disclosure could be ordered by administrative subpoena under section 24—12 was argued and decided in the board's favor at the administrative hearing. Subsequently, this action was filed in the circuit court to determine whether disclosure was proper under section 112—6(b). The only issue properly before this court is whether disclosure was proper under 112—6(b).

The question of whether the hearing officer correctly decided that he had the statutory authority to issue the subpoena is a matter for administrative review under section 24—16 of the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 24—16).

On cross-appeal, respondent argues that the court erred in denying its petition for rule to show cause because the board, Ludman and Fitzsimmons were in contempt of court for disclosing matters occurring before the grand jury without a court order.

Section 112—6(b) states in relevant part:

> "Any grand juror or officer of the court who discloses, other than to his attorney, matters occurring before the Grand Jury other than in accordance with the provisions of this sub-section or Section 112—7 is in contempt of court, subject to proceedings in accordance to law." (Ill. Rev. Stat. 1983, ch. 38, par. 112—6(b).)

Respondent argues that the board was in contempt of court because it caused a subpoena to be issued for the documents knowing full well that these documents had been obtained by grand jury subpoenas. The board, however, cannot be in contempt under the statute because it did not disclose anything. Rather, the board received the disclosed documents. The statute is unambiguous that it is the disclosing party who is in contempt of court.

Respondent also argues that Ludman and Fitzsimmons were in contempt. Ludman and Fitzsimmons have not filed briefs before this court. As stated previously, the handwriting exemplars were matters occurring before the grand jury. Because the petition for rule to show cause is defective in its prayer for relief, it was properly denied by the trial court.

For the reasons stated therein, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for proceedings consistent with this opinion.

Reversed and remanded.

LINDBERG and STROUSE, JJ., concur.