**SOCIALIST WORKERS PARTY et al., Plaintiffs-Appellees, Cross-Appellants,**

v.

**Joseph GRUBISIC et al., Defendants,**

**and**

**Bernard Carey, Deponent-Appellant, Cross-Appellee.**

**No. 79–1406.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 24, 1979.

Decided April 15, 1980.

Lance Haddix, Chicago, Ill., for plaintiffs-appellees, cross-appellants.

John A. Dienner, III, Asst. State's Atty., Chicago, Ill., for deponent-appellant, cross-appellee, Carey.

Before CASTLE, Senior Circuit Judge, and PELL and TONE, Circuit Judges.

PELL, Circuit Judge.

Bernard Carey, State's Attorney for Cook County, Illinois, appeals from an order of the district court requiring him to produce the transcripts of the March 1975 Cook County Grand Jury 655. This court held that it has jurisdiction of this appeal and the plaintiff's cross-appeal in a per curiam decision dated August 7, 1979. *Socialist Workers Party v. Grubisic*, 604 F.2d 1005 (7th Cir. 1979). The only issue before us, therefore, is the propriety of the district court's disclosure order.

The plaintiffs filed this civil rights action in federal court alleging victimization for their political views during the years 1969 and 1970 by a right-wing, paramilitary organization known as the Legion of Justice. This pattern of harassment allegedly took place as part of a conspiracy with members of the Chicago Police Department and the 113th Military Intelligence Group of the United States Army.

Discovery in this action began in February 1978. The plaintiffs' attempts to depose defendant members of the Chicago Police Department and Legion of Justice assertedly were frustrated by the evasiveness of the witnesses. Earlier, in November 1975, the Cook County Grand Jury 655 issued a report on the results of its investigation of illegal police activities which said in part:

> The Chicago Police Department's failure to assist this Grand Jury, seemed to us to be an attempt to frustrate our investigation. The Department's attitude and conduct surprised and disappointed this Grand Jury.
>
> \* \* \* \* \* \*
>
> The evidence has clearly shown that the Security Section of the Chicago Police Department assaulted the fundamental freedoms of speech, association, press and religion, as well as the constitutional right to privacy of hundreds of individuals.
>
> \* \* \* \* \* \*

One group operating during this period was an organization known as the Legion of Justice, a now defunct militant organization which advocated violence as a means of obtaining its objectives. There is no question that some members of the Security Section [of the Chicago Police Department] maintained a close working relationship with the Legion of Justice. Our conclusion is not based solely upon the testimony of former members of the Legion of Justice, but rather on the totality of evidence presented to the Grand Jury.

Portions of the transcript of these Grand Jury proceedings were released during the state criminal trial of a member of the Legion of Justice. Included in the released portion is the testimony of three defendants in this case, some of which contradicts their current deposition testimony, and some of which supports the plaintiffs' theory of recovery.

Bernard Carey is not a party in this case, but was served with a subpoena duces tecum requesting him, as State's Attorney, to produce records and transcripts of the state grand jury proceedings. Carey moved to quash this subpoena, and the plaintiffs filed a cross-motion to order production of these materials. On April 3, 1979, the district court ordered Carey to turn over the materials to the plaintiffs. The district court's April 3 order said in pertinent part:

> Plaintiffs have demonstrated that the evidence presented by witnesses who testified before the extended March 1975 Cook County Grand Jury 655 is otherwise unavailable to plaintiffs from other sources and is relevant to refresh the recollection of or to impeach recalcitrant witnesses. Certain grand jury testimony voluntarily released by the city defendants is inconsistent with discovery in this case. . . .
>
> Under these circumstances, the court finds that the plaintiffs have demonstrated a compelling necessity with sufficient particularity for discovery of the grand jury transcripts. . . .

This order was subsequently modified on April 27, 1979 to permit Carey to

> produce immediately that portion of the subpoenaed materials he thinks should be produced in the public interest and submit to the court the balance of the materials for a determination of whether, in fact, they ought not be disclosed to plaintiffs.

The April 27 order was entered after the commencement of the appeal from the original order of April 3. The April 27 modification is before this court pursuant to our order of September 5, 1979 remanding this case for the limited purpose of permitting entry of the April 27 modified order, which entry occurred on September 21, 1979. It is from this modified order that the plaintiff-appellee has cross-appealed. We need not at this time reach the issue whether the district court's order is too broad or not broad enough in its scope because we hold that in the circumstances of this case, notions of comity between the state and federal courts require that the plaintiffs first seek disclosure in the state court with supervisory powers over the grand jury.

■ We turn initially to the State's claim to secrecy of the materials. The State of Illinois preserves the secrecy of its grand jury by statute. *See* Ill.Rev.Stat. ch. 38, § 112–6.[1] Of course, because the plaintiffs' claims arise under federal law, the privileged nature of these materials under Illinois law is not controlling. Rather, federal common law is the source of any privilege. Fed.R.Evid. 501; *In re Grand Jury Impaneled January 21, 1975*, 541 F.2d 373, 378 (3d Cir. 1976); *United States v. Craig*, 528 F.2d 773, 781 (7th Cir. 1976) (Tone, J., concurring), *adopted en banc*, 537 F.2d 957 (7th Cir. 1976) (per curiam), *cert. denied*, 425 U.S. 973, 96 S.Ct. 2171, 48 L.Ed.2d 796, 429 U.S. 999, 97 S.Ct. 526, 50 L.Ed.2d 609; *Kerr v. United States District Court*, 511

F.2d 192, 197 (9th Cir. 1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *Carr v. Monroe Manufacturing Co.*, 431 F.2d 384, 387–88 (5th Cir. 1970), *cert. denied*, 400 U.S. 1000, 91 S.Ct. 456, 27 L.Ed.2d 451 (1971).[2] That the federal common law, as interpreted in light of reason and experience, accords at least a qualified privilege to the records of state grand jury proceedings, is subject to little question. "[A] strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." *Lora v. Board of Education*, 74 F.R.D. 565, 576 (E.D.N.Y.1977) (*quoting United States v. King*, 73 F.R.D. 103, 105 (E.D.N.Y.1975)). In Illinois, grand jury proceedings are surrounded in secrecy to prevent the escape of those under indictment, to ensure free deliberations, to prevent subornation of perjury, to encourage disclosure by witnesses, and to protect the innocent from unwarranted exposure. *See People ex rel. Sears v. Romiti*, 50 Ill.2d 51, 277 N.E.2d 705 (1971), *cert. denied*, 406 U.S. 921, 92 S.Ct. 1778, 32 L.Ed.2d 121 (1972); *People v. French*, 61 Ill.App.2d 439, 209 N.E.2d 505 (1965). Under federal law, the federal grand juries are clothed with secrecy, Fed.R.Crim.P. 6(e), for precisely the same reasons. *See, e. g., Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218–19, 99 S.Ct. 1667, 1672, 60 L.Ed.2d 156 (1979); *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681–82 n. 6, 78 S.Ct. 983, 985–86 n. 6, 2 L.Ed.2d 1077 (1958). Neither party has suggested that state grand jury materials should not be accorded at least the same measure of protection in federal courts that is accorded to federal grand jury materials. Furthermore, principles of comity dictate that we carefully consider the integral role secrecy plays in the Illinois grand jury system, which is in turn crucial to the operation of the criminal justice system of that

---

1. The statute provides in pertinent part:

 Matters other than the deliberations and vote of any grand juror may be disclosed by the State's Attorney solely in the performance of his duties. Matters occurring before the Grand Jury other than the deliberations and vote of any grand juror may be disclosed

 when the court, preliminary to or in connection with a judicial proceeding, directs such in the interests of justice or when a law so directs.

2. Privileged matter is immune from discovery under Fed.R.Civ.P. 26(b)(1).

state. Federal courts have had long experience balancing the strong interest in grand jury secrecy against the need for disclosure in the context of decisions applying Fed.R. Crim.P. 6(e). On the basis of these factors, we conclude that the parties have properly defined the scope of the federal common law privilege to be afforded to these state grand jury materials by reference to that rule.

 It is well-settled that disclosure of federal grand jury materials to private parties under Rule 6(e) requires a showing that they are needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the request is structured to cover only the material needed. *E. g., Douglas Oil, supra,* 441 U.S. at 222, 99 S.Ct. at 1674.[3] The application of this standard accommodates both the continuing need for secrecy of grand jury materials and the need of the party whose cause may be prejudiced without them. Often, however, the court where the current proceedings are pending is not the same court that supervised the work of the grand jury. In the federal system, Rule 6(e) generally requires that requests for grand jury disclosure first be submitted to the court that supervised the grand jury's activities. *Id.,* 441 U.S. at 226, 99 S.Ct. at 1676; *State of Illinois v. Sarbaugh,* 552 F.2d 768, 772–73 (7th Cir. 1977), *cert. denied,* 434 U.S. 889, 98 S.Ct. 262, 54 L.Ed.2d 174. The supervisory court has first-hand knowledge of the need for secrecy in those particular proceedings. Moreover, when state grand jury proceedings are subject to disclosure, comity dictates that the federal courts defer action on any disclosure requests until the party seeking disclosure shows that the state supervisory court has considered his request and has ruled on the continuing need for secrecy. Otherwise the potential threat of disclosure orders in subsequent federal civil litigation would seriously weaken the state

court's control over the secrecy of this essential component of its criminal justice system. *See Lora, supra,* 74 F.R.D. at 576 ("If the state holds out the expectation of protection to its citizens, they should not be disappointed by a mechanical and unnecessary application of the federal rule.") *Cf. In re Grand Jury Impaneled January 21, 1975, supra,* 541 F.2d at 377 (dictum) (in a challenge by state court prothonotary to federal grand jury subpoena of law firm's retainer agreements on file in that court, comity might have dictated initial request in the state court of common pleas; interference with federal grand jury investigation, however, may well have outweighed any interest in comity).[4]

 As we have already noted, of course, federal law determines the scope of the privilege covering these materials, and the requirement that these plaintiffs first seek disclosure through the avenues available to them in the state court does not give the state courts a veto over disclosure in this federal civil rights case. This preliminary stage is designed merely to forestall unnecessary intrusion by the federal courts in state grand jury proceedings or, at least, to ensure that the important state interest in secrecy is thoroughly considered. On the other hand, although the state court may determine that the materials are privileged under state law, only the federal court may determine whether the materials are privileged under federal common law. In this way the federal interest in disclosure will be properly considered preliminarily to a final decision on the privilege issue. *See Douglas Oil, supra,* 441 U.S. at 227–28, 99 S.Ct. at 1677. The federal court will be more familiar than the state court with the pending litigation and thus will be more familiar with the needs of the party requesting them.

In the event the plaintiffs are unsuccessful in obtaining disclosure in the state

---

**3.** The Court made clear in *Douglas Oil Co.* that this standard applies to completed grand jury proceedings as well as to proceedings in progress.

**4.** Carey has alleged that Chief Judge Fitzgerald subjected witnesses before this grand jury to

an extraordinary gag order to protect those testifying in this volatile case from retaliation by their supervisors in local government. According to Carey, this promise of secrecy was the reason that some testimony became available to the grand jury.

court, the federal district court very well may have to take custody of the grand jury materials and rule on specific requests for disclosure, taking into account the need for secrecy developed during the state disclosure proceeding. *See id.*, (approving procedure whereby the district court supervising the grand jury made a written evaluation of the need for continued secrecy and a determination whether the evidence before it justified disclosure and then forwarded materials to the district court where civil case was pending); *Sarbaugh, supra*, 552 F.2d at 773 n. 5. Should the district court ultimately determine that disclosure is appropriate, the State's Attorney should be notified prior to disclosure, and the district court should stay disclosure for a time sufficient to preserve the secrecy of the materials pending an appeal by the State.[5]

Accordingly, the order of the district court is reversed and the cause remanded for proceedings not inconsistent with this opinion. Costs shall be awarded to the deponent-appellant.

---

5. We express no opinion on the appealability of any future disclosure order. The purpose of this protective order is merely to prevent defeat of any such right by premature disclosure.