**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Steven Neal COUGHLAN, Party in Interest–Appellant,**

and

**One 1984 Mercury Cougar VIN: 1MEBP92FOEA636153, Its Tools and Appurtenances, Defendant.**

**No. 87–3111.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 1, 1988.

Decided March 28, 1988.

Stanley E. Baritz, Rockville, Md., for party in interest-appellant.

Glenda Gordon, Asst. U.S. Atty. (Breckinridge L. Willcox, U.S. Atty., Susan M. Ringler, Asst. U.S. Atty., Baltimore, Md., on brief), for plaintiff-appellee.

Before RUSSELL, PHILLIPS, and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

After pleading guilty to the possession and distribution of cocaine, Steven Coughlan testified to a grand jury regarding his supplier. During his testimony, he answered the government's questions concerning the model and color of the car he used in the cocaine sale that led to his arrest and guilty plea. A month later, the government introduced his testimony in this civil forfeiture proceeding to establish probable cause to forfeit the car. The district court found probable cause and ordered forfeiture. The Cougar appeals. We reverse and remand.

On December 4, 1985, Steven Coughlan delivered four ounces of cocaine to Chris Ditchey at Ditchey's home. Later that day, Ditchey was arrested for attempting to sell the cocaine to an undercover agent and identified Coughlan as his supplier. Because Ditchey threw the cocaine out of the car when he was arrested, he and the police returned to the scene late that night to search for it. During their search, Coughlan drove by in a black 1984 Mercury Cougar. He was arrested two miles away for driving while intoxicated, and was charged subsequently for the drug sale. The DEA seized his car at the time of arrest.

After Coughlan filed a claim for return of the car, the DEA referred the matter to the United States Attorney on February 27, 1986. On August 22, 1986, Coughlan entered a guilty plea under 21 U.S.C. § 841(a)(1)[1] for possession with intent to distribute, and distribution of cocaine.[2] The same day, as part of his plea bargain, he testified to a grand jury about his cocaine supplier, Wes Fare. His testimony included the following colloquy, which concerns the December fourth transaction between Coughlan and Ditchey:

Q. Where were you when he [Ditchey] called you?

A. I was at my office.

Q. Is that near River Road?

A. Yes it is.

Q. Did there come a time on December 4th when you actually did go to Chris Ditchey's house?

A. Yes.

Q. Where did you park when you went there?

. . . .

---

1. 21 U.S.C. § 841(a)(1) provides:
   (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance

2. Judge Ramsey sentenced Coughlan on October 15, 1986, to four years imprisonment with all but ninety days suspended, and five years probation.

A. I parked around the corner from his house.

Q. What kind of car were you driving?

A. Mercury Cougar.

Q. What color was it?

A. Black.

Q. Why did you park around the corner from his house?

A. I felt like I wanted to walk up to his house rather than park right in front.

On September 25, 1986, the government filed a civil complaint for forfeiture of the car based upon its use in the December fourth transaction. The government attached four pages of Coughlan's grand jury testimony, including the above colloquy, to a responsive filing on February 27, 1987. At the show cause hearing on March 13, after rejecting Coughlan's arguments that his testimony should not be considered, the district judge ordered its disclosure under Federal Rule of Criminal Procedure 6(e):

THE COURT:—since the government is going to win but on a basis that they want to win I presume, do you want to be heard?

MS. RINGLER: First, I just wanted to make a few comments, just as a technical matter, your Honor. Since this is a civil matter and the Grand Jury testimony of Steven Coughlan was taken in a criminal matter, I would move under Rule 6(e) for disclosure of that information. In this case, we are dealing with a situation where the information—

THE COURT: I would certainly accord you that so technically I am not considering Grand Jury secret stuff.

MS. RINGLER: Thank you, your Honor.

Based on Coughlan's grand jury testimony, the court found probable cause and ordered forfeiture of the car on June 10.

On appeal, Coughlan argues that his grand jury testimony should not have been considered because of specific violations of Rule 6(e) and more general abuses of the plea bargaining process. The government admits a violation of Rule 6(e), but contends that contempt, not suppression of the testimony, is the appropriate sanction. It also denies that any abuses occurred in its routine questioning of Coughlan, and finally argues that probable cause exists even without considering the grand jury testimony. The district court expressly refused to rule on this issue.

Rule 6(e) codifies the traditional rule of grand jury secrecy and establishes disclosure procedures.[3] The primary reasons for grand jury secrecy are to encourage potential witnesses to testify fully, to prevent the flight of potential indictees, and to avoid adverse publicity for those investigated but not indicted. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 219, 99 S.Ct. 1667, 1673, 60 L.Ed.2d 156 (1979). Public disclosure of grand jury materials, including their use in civil actions, also affects the integrity of the grand jury, which is under prosecutorial control and has more extensive investigatory powers than other means available to the government, such as civil discovery. *United States v. Sells Engineering*, 463 U.S. 418, 432–33, 103 S.Ct. 3133, 3142–43, 77 L.Ed.2d 743 (1983). Because of these concerns, disclosure of grand jury materials is governed

---

**3.** Rule 6 governs grand juries. In relevant part, it provides:

(e) Recording and Disclosure of Proceedings.

. . . . .

(2) General Rule of Secrecy. A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A

knowing violation of Rule 6 may be punished as a contempt of court.

(3) Exceptions.

. . . . .

(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—

(i) when so directed by a court preliminarily to or in connection with a judicial proceeding; . . .

If the court orders disclosure of matters occurring before the grand jury, the disclosure shall be made in such manner, at such time, and under such conditions as the court may direct.

and limited by Rule 6(e), which provides a series of exceptions to the general rule of secrecy.

The only applicable disclosure exception is 6(e)(3)(A)(i) which provides for court-ordered disclosure in connection with a judicial proceeding. The party seeking disclosure must show a particularized need which involves a three part test: (1) the material is needed to avoid a possible injustice; (2) the need for disclosure is greater than the need for secrecy; and (3) the request covers only the necessary material. *Douglas Oil*, 441 U.S. at 222, 99 S.Ct. at 1674.

■ The government's disclosure of Coughlan's grand jury testimony violated Rule 6(e) in two ways. First, disclosure initially occurred unilaterally without any court's approval when the government attached the testimony to a responsive filing open to anyone who cared to look. Second, the court's order was not based on a showing of particularized need; instead, it was haphazardly granted after-the-fact.

■ The government, which admits that its initial disclosure was a violation, argues that the rule limits potential remedies to punishment for contempt. The rule, however, states only that a violation "may be punished as a contempt of court." This permissive language is not exclusive. In many cases, including this one, other remedies, such as suppression of the grand jury material, may be more appropriate. Some Rule 6 violations are correctable. In this case, the initial disclosure cannot be corrected, but it may be possible to find a particularized need on remand.

■ Therefore, we reverse the district court's finding of probable cause for forfeiture and remand for further consideration. On remand, the court should first consider

whether a particularized need justifies disclosure of the grand jury testimony.[4] If the court finds a particularized need, then disclosure of the testimony will once again lead to a finding of probable cause. If the court does not find a particularized need, then the grand jury testimony should be suppressed. Nondisclosure is impossible at this stage, but suppression would protect the integrity of the grand jury system. Then, the court could make its probable cause determination without considering the suppressed testimony. Finally, although the violation of the initial disclosure cannot be corrected, the court may consider other remedies, including contempt, on remand.

REVERSED AND REMANDED.

---

4. We note that disclosure in this case specifically implicates several concerns expressed by the Supreme Court in *Sells*. The Court stated that

If a witness knows or fears that his testimony before the grand jury will be routinely available for use in governmental civil litigation or administrative action, he may well be less willing to speak for fear that he will get himself into trouble in some other forum.

463 U.S. at 432, 103 S.Ct. at 3142. The Court also noted that easy disclosure might tempt government attorneys "to manipulate the grand jury's powerful investigative tools to root out additional evidence useful in the civil suit, [and a]ny such use of grand jury proceedings to elicit evidence for use in a civil case is improper per se." *Id.* (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 683–84, 78 S.Ct. 983, 986–87, 2 L.Ed.2d 1077 (1958)).