Rebecca L. SHELL, Plaintiff,

v.

Donald C. WALL; Mary Deaton; Lisa York; and Iredell County Department of Social Services, Defendants.

No. ST–C–90–94–P.

United States District Court,
W.D. North Carolina,
Statesville Division.

April 5, 1991.

Louis L. Lesesne, Jr., Lesesne & Connette, Charlotte, N.C., for plaintiff.

James R. Morgan, Jr., Womble Carlyle Sandridge & Rice, Winston–Salem, N.C., for defendants.

## ORDER

ROBERT D. POTTER, District Judge.

THIS MATTER is before the Court on Defendants' motion, filed March 14, 1991, for limited disclosure of grand jury transcripts. On March 27, 1991, Plaintiff filed a memorandum in opposition to Defendants' motion.

Defendants were the subject of an Iredell County Grand Jury Report made on January 14, 1991. The Grand Jury was convened to investigate Defendants pursuant to N.C.Gen.Stat. § 15A–628(a)(5) which provides in pertinent part:

A grand jury ... may inspect other county offices or agencies and must report the results of its inspection to the court.

Needless to say, the report was less than complementary regarding Defendants' actions in terminating Plaintiff, a former social worker in Iredell County. Because the grand jury is a part of the state court, Defendants moved in the North Carolina Superior Court for Iredell County to have the transcripts from the grand jury proceedings produced to them. *See* N.C.Gen. Stat. § 15A–621 ("[A] grand jury is a body consisting of not less than 12 nor more than 18 persons, *impaneled by a superior court and constituting a part of such court* "). However, that motion was denied.

Plaintiff has propounded a Request for Admissions to Defendants regarding various matters concerning the grand jury report. Moreover, Defendants believe that Plaintiff will attempt to introduce the report at the trial of this matter. In order to respond to the admission request and to prepare for trial, Defendants have requested that this Court order the North Carolina Superior Court for Iredell County and its Clerk to· produce the transcripts of the grand jury proceedings.

Generally, grand jury proceedings are secretive. *See Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218, 99 S.Ct. 1667, 1672, 60 L.Ed.2d 156 (1979)[1]; N.C.Gen.Stat. § 15A–623(e) ("[G]rand jury proceedings are secret and, except as expressly provided in this Article, members of the grand jury and all persons present during its sessions shall keep its secrets and refrain from disclosing anything which transpires during any of its sessions"); *see also* Rule 6(e)(2) of the Federal Rules of Criminal Procedure (General Rule of Secrecy). However, grand jury materials may be divulged in limited circumstances, including if to do so is essential to "protect a defendant's constitutional rights". *See* N.C.Gen.Stat. § 15A–623(h)(2); *see also* Rule 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure ("[D]isclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made when so directed by a court preliminarily to or in connection with a judicial proceeding").

■ As an initial matter, the Court believes that Defendants' motion is procedurally flawed. Defendants have basically requested that this Court act as a state appeals court and reverse an order by the North Carolina Superior Court. The Court finds the intrusion into what is a statutorily defined part of the state court (as provided in N.C.Gen.Stat. § 15A–621) to be deeply offensive to the notion of federalism, and one that should be avoided if at all possible. *Cf. In re Subpoena and Order Directing Probation Officer to Produce Records*, 737 F.Supp. 30, 32 (W.D.N.C.1990) (the undersigned stating that "[t]he Court believes our federal system of Government precludes the intrusion by the state court system into what is in effect records of this Court", in response to state court order

---

**1.** The reasons stated by the Supreme Court for keeping grand jury matters secret include the possibility that witnesses would be reluctant to come forward voluntarily; the likelihood that witnesses would not testify frankly and fully; the risk that those about to be indicted might flee; and the possible ridicule to persons accused but not indicted. *See Douglas Oil*, 441 U.S. at 219, 99 S.Ct. at 1673. For these reasons, the Supreme Court has been reluctant, absent the substantial demand of justice, to "lift unnecessarily the veil of secrecy from the grand jury". *Id.*

requiring federal probation office to turn over its records).[2]

■ Prior to engaging in such an extreme method of gaining what is essentially a discovery request, Defendants should have utilized the normal discovery process. *See Lucas v. Turner,* 725 F.2d 1095, 1108 (7th Cir.1984) ("[W]e will not condone the release of grand jury materials to provide a 'quick fix' for a case where there was improper discovery"). Defendants failed to depose any person and to request the materials through a subpoena duces tecum. *See* Rule 45(b) of the Federal Rules of Civil Procedure. Therefore, the Court believes that Defendants' motion should be denied because Defendants failed to comply with the normal discovery procedures prior to requesting that the Court issue the extraordinary order sought.

■ Even if Defendants had followed the normal discovery procedures, the Court would deny the motion currently before it. In emphasizing the secretive nature of grand jury materials, the United States Supreme Court has enunciated a three part test for district courts to apply when deciding whether disclosure is warranted. *See Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979). Parties seeking grand jury transcripts must make a particularized showing that (1) the material they seek is needed to avoid a possible injustice in another judicial proceeding, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that their request is structured to cover only material so needed. *See id.; see also United States v. Coughlan,* 842 F.2d 737, 740 (4th Cir. 1988); *In re Grand Jury Proceedings, GJ–76–4 & GJ–75–3,* 800 F.2d 1293, 1298 (4th Cir.1986); *United States v. Colonial Chev-*

*rolet Corp.,* 629 F.2d 943, 949 (4th Cir. 1980), *cert. denied sub nom., Certain Unindicted Individuals & Corporations v. United States,* 450 U.S. 913, 101 S.Ct. 1352, 67 L.Ed.2d 337 (1981). Disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and the burden of demonstrating this balance is upon the movant. *Douglas Oil Co.,* 441 U.S. at 223, 99 S.Ct. at 1675; *In re Grand Jury,* 800 F.2d at 1298–99. While the interests in grand jury secrecy are diminished once the grand jury has completed its investigation, those interests are not eliminated. *See Douglas Oil Co.,* 441 U.S. at 222, 99 S.Ct. at 1674; *but cf. Colonial Chevrolet Corp.,* 629 F.2d at 949 ("[w]hen the grand jury has completed its work ..., the reasons for secrecy ... are substantially diminished and correspondingly the requirement of a showing of 'particularized need' as a basis for disclosure is diminished"). The district court must not only consider the immediate effects on the grand jury system if disclosure is allowed, but also the possible effect upon the functioning of future grand juries. *See Douglas Oil Co.,* 441 U.S. at 222, 99 S.Ct. at 1674.

■ The decision to release grand jury transcripts is in the discretion of the district court. *See id.* at 223, 99 S.Ct. at 1675; *In re Grand Jury,* 800 F.2d at 1299. That decision will not be reversed absent a clear showing of error. *See In re Grand Jury,* 800 F.2d at 1299 (citing *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 399, 79 S.Ct. 1237, 1240–41, 3 L.Ed.2d 1323 (1959)). The test to be utilized by the district court is flexible—one that weighs the public interest served by disclosure against the particularized need for continued secrecy. *Id.* The test is adaptable to different circumstances and sensitive to the fact that

---

**2.** Several courts have noted that the principal of comity requires federal courts to give great deference to a state court's decision to maintain grand jury materials in secret. *See United States v. Silva,* 745 F.2d 840, 845 (4th Cir.1984) ("[w]e are bound by principles of comity to accord state grand jury proceedings at least a qualified privilege"), *cert. denied,* 470 U.S. 1031,

105 S.Ct. 1404, 84 L.Ed.2d 791 (1985); *Socialist Workers Party v. Grubisic,* 619 F.2d 641, 643 (7th Cir.1980). At a minimum, comity requires a movant to first attempt to obtain state grand jury materials from the state court in whose care those materials are entrusted. *See Grubisic,* 619 F.2d at 644–45.

the requirements of secrecy are greater in some situations than in others. *Id.*

■ Most cases addressing the disclosure of grand jury materials have involved the disclosure of federal grand jury materials to another federal court, and not the disclosure of state grand jury materials to a federal court, as is the scenario in this case. Nonetheless, the Fourth Circuit and other courts have squarely addressed this scenario, and have applied the same test set forth in *Douglas Oil Co. See United States v. Silva*, 745 F.2d 840, 845 (4th Cir.1984); *Lucas v. Turner*, 725 F.2d 1095, 1101 (7th Cir.1984); *Socialist Workers Party v. Grubisic*, 619 F.2d 641, 644 (7th Cir.1980).

■ In applying the test enunciated in *Douglas Oil Co.*, the Court believes that disclosure of the grand jury transcripts is not warranted in this case.

First, Defendants have not convinced the Court that disclosure is necessary to avoid an injustice in the case before the Court. Defendants argue that they are in need of the transcripts to offset the prejudice that may result if the Report is introduced at trial, and to insure the veracity of witnesses that may testify in this action that also appeared before the grand jury. However, Defendants have not used any discovery means to substantiate the supposed prejudicial impact of the report. *See Lucas*, 725 F.2d at 1102 (finding that failure to utilize discovery methods to learn of potential injustice was to prejudice of movant). As Plaintiff aptly notes, Defendants have available a plethora of records concerning its clients that most likely testified at the grand jury. Yet, Defendants have not at-tempted to depose any of those individuals. Moreover, Defendants can move at trial pursuant to Rule 403 of the Federal Rules of Evidence to exclude the report if its probative value is outweighed by the prejudice to Defendants. As to Defendants' claim that the transcripts are needed to insure the veracity of witnesses at trial, Plaintiff does not have available to her the transcripts. In such an instance, it cannot be said that disclosure is in order to equalize the access to relevant facts and to eliminate unfair advantage. *Contra, In re Grand Jury*, 800 F.2d at 1302.[3]

Second, the Court believes that the need for disclosure is not greater than the need for secrecy. In the matter currently before the Court, the Iredell County Grand Jury completed its investigation into Defendants' activities several months ago. Arguably, the interest of secrecy is diminished in this case. The Fourth Circuit has recognized that the most common reason for permitting disclosure occurs when the grand jury has completed its investigation. *See In re Grand Jury*, 800 F.2d at 1300. Many of the public interests favoring secrecy are diminished at such a point. *Id.* at 1301. However, where a witness faces future harassment, coercion or peril due to his previous testimony, the interest of secrecy may very well outweigh disclosure, even where the investigation has ceased. *Id.* Moreover, one's right to disclosure may not rest simply on the weakness of the public interest considerations in favor of secrecy. *Id.* at 1302. There must be some showing of some real need on the part of the moving party.

---

**3.** The Court believes the state court decisions cited by Defendants in support of their position that due process requires the transcripts to be disclosed are inapposite. First and foremost, federal common law (instead of state common law) is relevant in deciding privilege matters in a federal action such as the secrecy of grand jury materials. *See Grubisic*, 619 F.2d at 643. Second, the North Carolina courts have upheld the secretive nature of grand jury materials. *See State v. Porter*, 303 N.C. 680, 281 S.E.2d 377, 384 (1981); *see also State v. Jones*, 85 N.C.App. 56, 354 S.E.2d 251, 258, *review denied*, 320 N.C. 173, 358 S.E.2d 61, *cert. denied*, 484 U.S. 969, 108 S.Ct. 465, 98 L.Ed.2d 404 (1987). The North Carolina Supreme Court has found that a criminal defendant has no right to obtain a transcript of the grand jury proceedings. *See Porter*, 281 S.E.2d at 384. The defendant is adequately protected by his right to object to improper evidence and to cross-examine the witnesses presented against him at trial. *Id.* If grand jury transcripts are unavailable to a criminal defendant based on North Carolina state law, such transcripts are certainly unavailable to these civil Defendants based on state common law.

The Court believes that Defendants have utterly failed to make a showing of real need. Furthermore, the Plaintiff has indicated, without rebuff from Defendants, that the clients of Defendants that testified before the grand jury may be subject to intimidation or retribution from Defendants if disclosure is allowed. Accordingly, the Court believes that the fact that the investigation is completed is of no consequence in this case. *See Lucas*, 725 F.2d at 1107.

Finally, Defendants' request is not structured to cover only the materials needed. Rather, Defendants seek to have the complete record from the grand jury proceedings disclosed. Where a movant makes no attempt to limit its requests, the "indispensable secrecy of grand jury proceedings ... must not be broken except where there is a compelling necessity". *See id.* (quoting from *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958)).

Absent extraordinary circumstances, this Court is unwilling to tread on the finely woven federalist fabric on which this nation is founded. Moreover, the Court does not believe it is the function of a federal district court to act as a pseudo state appeals court. If Defendants are unsatisfied with the relief provided by the state court, their remedy under our federal system of government is to appeal to the North Carolina Court of Appeals.

NOW, THEREFORE, IT IS ORDERED that Defendants' motion for limited disclosure of grand jury transcripts be, and hereby is, DENIED.