**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

AMERICAN TANK TRANSPORT,
INCORPORATED,
<u>Plaintiff-Appellant,</u>

v.                                                                No. 95-1303

FIRST PEOPLE'S COMMUNITY FEDERAL
CREDIT UNION; PAUL C. HERRING,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
John R. Hargrove, Senior District Judge.
(CA-94-459-HAR)

Argued: February 1, 1996

Decided: May 20, 1996

Before WILKINSON, Chief Judge, HAMILTON, Circuit Judge,
and STAMP, Chief United States District Judge for the Northern
District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Ransom J. Davis, DANEKER, McINTIRE & DAVIS,
P.C., Baltimore, Maryland, for Appellant. James Patrick Ulwick,
KRAMON & GRAHAM, P.A., Baltimore, Maryland, for Appellee
Herring; Francis Joseph Nealon, BALLARD, SPAHR, ANDREWS &

INGERSOLL, Washington, D.C., for Appellee Credit Union. **ON BRIEF:** Constantine G. Panagopoulos, Jeffrey W. Larroca, BALLARD, SPAHR, ANDREWS & INGERSOLL, Washington, D.C., for Appellee Credit Union.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

American Tank Transport, Inc. ("ATT") seeks review of the district court's order granting summary judgment in favor of Paul C. Herring ("Herring") and dismissing ATT's claims against First People's Community Federal Credit Union ("First People's). On appeal, ATT alleges that because the district court refused to consider transcripts of witness testimony taken before a state grand jury as part of the evidence presented in opposition to Herring's summary judgment motion, because discovery in this action was not reasonably complete, and because there were numerous issues of material fact to be resolved by a jury, the district court improperly granted summary judgment in favor of Herring. Further, ATT alleges that the district court erred when it granted the dismissal of ATT's claims against First People's pursuant to the Colorado River doctrine of abstention. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1975). Because we find no error in the district court's well-reasoned opinion, we affirm.

I

ATT carried casualty insurance through an insurance agency known as Holzshu-Welch & Associates, Inc. ("Holzshu-Welch"). In the spring of 1991, it was discovered that Holzshu-Welch employees, including the vice president of Holzshu-Welch, Donald Helmick, and an employee of ATT, Donald Hagermann, were operating a scheme

2

to defraud ATT of its insurance premiums. As part of this scheme, Donald Helmick fraudulently handled and misappropriated casualty insurance premium money paid by ATT to Holzshu-Welch. Helmick perpetrated this fraud by engaging in a variety of improper transactions at First People's, the credit union at which Holzshu-Welch held numerous business accounts. These transactions included fraudulently splitting deposits of the monthly premium payments made by ATT and forging endorsements on checks drawn to the order of various insurance clients of Holzshu-Welch and then depositing the checks into Helmick's personal account at First People's. ATT alleges that Herring, First Peoples president, knew of the fraud, acquiesced in it and cooperated with Helmick in continuing the fraudulent scheme.

A number of criminal and civil actions were instituted as a result of the fraudulent activities of Helmick, Hagermann and Holzshu-Welch. First, the State of Maryland brought criminal charges against Helmick and Hagermann on various counts of fraud and theft. Helmick and Hagermann pleaded guilty to those counts in the Circuit Court of Allegany County, Maryland in September 1991 and January 1992, respectively. In April 1993, a second criminal indictment was returned in the State of Maryland against Herring and two other First People's employees, charging them with numerous counts of conspiracy, theft and breach of fiduciary duty. The Circuit Court of Allegany County held that the grand jury proceedings from which evidence against Herring and his codefendants was obtained were illegal and, accordingly, that the evidence obtained from the improper proceedings could not be used in the State's case against them. Subsequently, the state attorney dismissed the case against Herring and the other named defendants for lack of evidence.

In December 1991, ATT filed a civil suit against First People's in the Circuit Court of Allegany County alleging conversion, constructive fraud, breach of the Maryland Uniform Fiduciary Act, and civil conspiracy and seeking an accounting from First People's. Although subject to a stay pending the outcome of this case, ATT's action against First People's is still pending before the Allegany County Circuit Court.

In March 1993, ATT filed a civil action in the United States District Court for the District of Maryland against Holzshu-Welch, the

owners and officers of Holzshu-Welch, affiliated companies, Donald Helmick and Donald Hagermann. In February 1994, ATT moved to amend its complaint in the pending federal action to add First People's and Herring as defendants. The district court denied ATT's motion, noting that ATT had brought suit against First People's in the Circuit Court for Allegany County based upon the same set of facts and allegations contained in the federal suit. Simultaneously, ATT filed this action against Herring and First People's alleging against First People's constructive fraud, a breach of the Maryland Uniform Fiduciary Act, negligence, and a violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1961-1968 ("RICO"), and alleging against Herring, constructive fraud, negligence, conversion, civil conspiracy, and a RICO violation.

In this action, Herring filed a motion to dismiss or, in the alternative, for summary judgment, alleging that ATT had failed to show any evidence of Herring's knowing involvement in Helmick's and Holzshu-Welch's scheme to defraud. Additionally, First People's filed a motion to dismiss, requesting that the district court abstain from exercising federal jurisdiction over First People's based upon the Colorado River abstention doctrine. Colorado River Water Conservation District v. United States, 424 U.S. 800 (1975).

ATT filed a response in opposition to both motions. To support its position that Herring was knowingly involved in the scheme to defraud, ATT relied upon a number of transcripts of grand jury witness testimony obtained from the previously dismissed state criminal action against Herring. These transcripts were released to ATT through a motion filed by the State Attorney General and granted by the Allegany County Circuit Court.

When Herring discovered that ATT was relying on the grand jury transcripts, Herring objected to the use of the transcripts because they were allegedly obtained by ATT in violation of the Maryland Rules of Criminal Procedure. Specifically, Herring argued that the state court released the grand jury transcripts in violation of Maryland Rule of Criminal Procedure 4-642(c) which requires that a court notify the parties to a judicial proceeding when the prosecution petitions the court for the release of grand jury materials. Md. R. Crim. Pro. 4-642. Herring asked the district court to find that the transcripts were inad-

4

missible in the federal action and advised the district court and ATT that he would seek an order from the state court to recall the release of the grand jury transcripts.

Herring then filed a motion before the Allegany County Circuit Court asking it to reconsider its decision to release the grand jury materials which had been used by ATT in its response to Herring's motion for summary judgment. While ATT did not respond to this motion in the state court, the motion was opposed by the State Attorney General. In December 1994, the Circuit Court of Allegany County granted Herring's motion for reconsideration and recalled the grand jury materials. As part of the order recalling the grand jury materials, the Circuit Court ordered that "persons with knowledge of information contained in such grand jury materials are prohibited from further disclosure thereof . . . ." (Order, State of Maryland v. Paul C. Herring, No. 3775 Crim. Trials, Cir. Ct. Allegany Co., Md., Judge J. Frederick Sharer, Dec. 6, 1994.)

Approximately one month after the entry of the state court's order, the federal district court granted Herring's motion for summary judgment. The district court noted that no additional discovery was needed in this action because substantially identical suits involving virtually identical parties were pending in both the state and the federal court and that ATT had conducted extensive discovery in the concurrent federal suit and had previously had ample opportunity to conduct discovery in the state suit.[1] In accordance with the state court's order

_____

[1] The district court found that ATT's challenge to summary judgment on the basis that there was a need for more discovery was, in effect, a Fed. R. Civ. P. 56(f) objection. Fed. R. Civ. P. 56(f) permits a court to deny summary judgment or order a continuance in a case where the party opposing the motion sets forth by affidavit the reasons why that party is unable to present facts essential to justify its opposition. The district court found, however, that an affidavit is not necessary to lodge an effective Rule 56(f) objection, citing our unpublished opinion of Phillips v. General Motors Corp., 911 F.2d 724, 1990 WL 117981, *6 (4th Cir. Aug. 16, 1990.)

While we agree that ATT's argument in opposition to summary judgment on inadequate discovery grounds was without merit, we find that ATT's Rule 56(f) challenge must also fail on procedural grounds because ATT failed to provide the district court with a Rule 56(f) affidavit. Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995) (holding that an affidavit is necessary to a Rule 56(f) objection).

5

recalling the grand jury transcripts, the district court did not consider the transcripts in its decision.**2** Further, consistent with its decision that no additional discovery was needed, the district court granted summary judgment without allowing the parties to conduct any additional discovery on matters addressed by the grand jury transcripts. Further, the district court granted First People's motion to dismiss, invoking the Colorado River doctrine of abstention. The district court found that abstention was proper because the pending state court action between ATT and First People's was sufficiently parallel with the federal action, abstention would avoid piecemeal litigation between the parties, the state action was pending for more than two years before the filing of the federal action, the state action had progressed substantially further than the federal action and ATT appeared to have filed the federal action to subvert the effect of adverse rulings in the state action.**3**

_____

**2** In a footnote, the district court stated that

> Almost all of the evidence that ATT presents in opposition to summary judgment consists of transcripts of the Grand Jury testimonies of the tellers at First People's. Herring specifically objected to the use of these Grand Jury transcripts based on their improper release. The Allegany County Circuit Court has now held that these transcripts were in fact improperly released to ATT, and has ordered counsel to return them. Based on this ruling, it appears that the Grand Jury transcripts were not properly before this Court. Therefore, the Court will decline to consider them in resolving the pending motion.

(Memorandum Opinion, American Tank Transport, Inc. v. First People's Community Federal Credit Union, Civ. Action No. HAR94-459 (D. Md. Jan. 11, 1995) p. 8.)

**3** We find that the district court properly applied the Colorado River doctrine of abstention. However, the doctrine itself bears repeating. Under exceptional circumstances, a district may abstain from adjudicating a controversy before it "for reasons of wise judicial administration." Colorado River, 424 U.S. at 817-18. When a party urges abstention, the district court must first determine whether the state and federal proceedings are parallel. New Beckley Mining Corp. v. International Union United Mine Workers of Am., 946 F.2d 1072, 1073 (4th Cir. 1991). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forms." Id. Once the court determines if the

6

II

We have carefully considered the briefs and oral argument of the

parties and those portions of the record pertinent to the various arguments. Having done so, we find no reversible error in the opinion and decision of the district court. However, we find that the district court's decision to exclude the recalled grand jury materials from its consideration of the evidence submitted upon the summary judgment

motion[4] poses an important comity question that merits further discussion.

_____

proceedings in state court and federal court are parallel, the Court must consider those factors set forth in Colorado River, supra, and Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983), to determine if the circumstances are such that it is proper for the court to abstain. "The factors to be considered include the following: (a) the assumption by either court of jurisdiction over property; (b) the inconvenience of the federal forum; (c) the desire to avoid piecemeal litigation; (d) the order in which the courts obtained jurisdiction; and (e) the source of applicable law." New Beckley Mining Corp. , 946 F.2d at 1073-74, citing Moses H. Cone, 460 U.S. at 15-16, 23; Colorado River, 424 U.S. at 818. An appellate court reviews the district court's decision to surrender jurisdiction under the Colorado River doctrine of abstention for abuse of discretion. New Beckley Mining Corp., 946 F.2d at 1074.

[4] Evidentiary rulings in the context of a summary judgment motion are reviewed for abuse of discretion. See Supermarket of Marlington, Inc. v. Meadow Gold Dairies, Inc., 71 F.3d 119, 126 (4th Cir. 1995) (holding that a court reviews evidentiary rules in summary judgment settings for abuse of discretion); see also Hal Roach Studios, Inc. v. Richard Feiner & Co, Inc., 896 F.2d 1542, 1552 (9th Cir. 1989) (reviewing a challenge to an affidavit under abuse of discretion standard). We find no abuse of discretion in the district court's decision to exclude the recalled grand jury transcripts from the evidence considered by the district court in deciding Herring's summary judgment motion.

7

With regard to questions of comity[5] and the duty of a federal court to honor state court rulings, courts have noted that "[p]rinciples of comity suggest that a federal court give full recognition to a state court's adjudication of state law issues." Weir by and through Weir v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 586 F. Supp. 63, 65 (S.D. Fla. 1984), citing Colorado River, 424 U.S. at 818. Further, it has been held that "considerations of comity and federalism argue for the federal courts' avoiding whenever possible getting involved in delicate issues concerning the internal structure of state government." United Beverage Co. of South Bend, Inc. v. Indiana Alcoholic Beverage Comm'n, 760 F.2d 155, 160 (7th Cir. 1985).

Additionally, other courts have indicated the importance of deferring, whenever possible, to state court decisions on matters related to its own procedural issues. "[A] strong policy of comity between state and federal sovereignties impels federal courts to recognize [a state rule] where this can be accomplished at no substantial cost to federal substantive and procedural policy." Lora v. Board of Educ., 74 F.R.D. 565, 576 (E.D.N.Y. 1977) (citations omitted). Additionally, the Seventh Circuit has recognized that "principles of comity dictate that [a federal court] carefully consider the integral role [that] secrecy plays . . . in the [ ] grand jury system [before disclosing grand jury materials]." Socialist Workers Party v. Grubisic , 619 F.2d 641, 643 (7th Cir. 1980).

_____

**5** The Supreme Court has defined "comity" as

> a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways . . . . [T]he concept . . . represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with legitimate activities of the States.

Younger v. Harris, 401 U.S. 37, 44 (1971).

With regard to our own opinions on the comity question posed by the disclosure of state grand jury materials, we have previously stated that "[courts] are bound by principles of comity to accord state grand jury proceedings at least a qualified privilege." United States v. Silva, 745 F.2d 840, 845 (4th Cir. 1984), cert. denied , 470 U.S. 1031 (1985). In Silva, a criminal defendant challenged a district court's decision not to disclose to the defendant the state grand jury transcript of testimony of a prosecution witness for the purpose of impeaching the witness. The state attorney appeared voluntarily before the district court and requested that the district court examine the grand jury transcripts in camera to determine whether any inconsistencies existed between the witness' in-court testimony and her grand jury testimony before the court ruled upon the defendant's request. Id. at 844-45. The court held that the inconsistencies were not significant enough to merit disclosure of the sensitive grand jury transcripts, and we found that the district court did not err in refusing to disclose the grand jury testimony. Id. at 844-46. In a footnote, however, we recognized that a potential issue raised by the facts in Silva was whether the district court could, absent the state's voluntary compliance, order the state to disclose the grand jury materials in question. While we did not decide the issue, we remarked that "`[g]enerally, only the court that has jurisdiction over the grand jury has authority to direct disclosure . . . .'" Id. at 845, citing United States v. Penrod, 609 F.2d 1092, 1097 n.8 (4th Cir. 1979), cert. denied, 446 U.S. 917 (1980).

Other courts, however, have addressed the question of whether a federal court has the power to release grand jury materials. For example, in Resolution Trust Corp. v. Castellett, 156 F.R.D. 89 (D.N.J. 1994), aff'd, 1994 WL 411809 (D.N.J. Aug. 2, 1994), the District Court for the District of New Jersey held that a federal district court must give full faith and credit to a state court's decision to deny an application to unseal grand jury documents and could not, as a matter of comity, use its subpoena enforcement powers to effectively reverse a state court's final ruling. Id. at 89. In Resolution Trust Corp., the defendants in the federal action had also been the subject of a grand jury investigation in the State of New York. In a situation similar to this case, the New York District Attorney voluntarily dismissed the state indictment against the defendants after the New York State Supreme Court ruled that the state lacked sufficient evidence to prosecute the case. Id. Subsequently, the plaintiff in the federal action filed

9

a motion in state court to gain access to all exhibits and evidence submitted to the grand jury in the state criminal matter. Id. The state court denied the plaintiff's application, finding that the plaintiff had failed to show a compelling and particularized need for the grand jury materials. Id. at 91. Subsequently, the plaintiff petitioned the federal court to use its subpoena power to compel the disclosure of the state court records. The issue before the district court in Resolution Trust Corp. was whether the district court could ignore the state court's decision to deny the motion to release and otherwise order the unsealing of the grand jury records for use in the federal action.

In its analysis of the cases addressing this issue, the district court in Resolution Trust Corp. reviewed a case from the Tenth Circuit, Woodard v. Tynan ("Tynan I"), 757 F.2d 1085 (10th Cir. 1985), modified, 776 F.2d 250 (10th Cir. 1985) (" Tynan II"). Tynan I involved a federal Medicaid fraud action in which the Attorney General sought an order from the district court to compel the defendants to consent to the release of business records in a pending state criminal prosecution that had been ordered sealed by the state court following the defendants' successful motion to suppress the use of the records. Tynan I, 757 F.2d at 1086. The district court denied the Attorney General's motion. Id. The Tenth Circuit reversed the district court, stating that the district court had the power to order the release of the state court records and concluding that a state court could not preclude a federal court's access to grand jury materials if a federal court determined that disclosure was essential to the case before it. Id. at 1090. Further, the Tenth Circuit held that in a case where a state court has otherwise failed to release the materials, a federal district court could order the state court to transmit the materials to it for an in camera review. Id.

In Judge McWilliams' dissent in Tynan I, he discussed the importance of comity to the relationship between state and federal courts:

> [t]he result reached by the majority opinion points toward an unwarranted intrusion by the federal judiciary into a state court proceeding . . . [F]or the federal district court to compel the defendants in the instant case to go into state court and consent to a release of the records would be an unwarranted intrusion by the federal judiciary into a state court

10

> proceeding . . . [A] state court protective order is entitled to the respect of the federal courts. State court judgments are entitled to such "full faith and credit in every court within the United States . . . as they have by law and usage in the courts of such state." . . . As stated by the U.S. Supreme Court, "[t]he federal courts . . . have . . . consistently accorded preclusive effect to issues decided by state courts, noting that such a practice promote[s] the comity between state and federal courts that has been recognized as a ball work of the federal system" . . . [T]he decision[ ] of the . . . trial court . . . holding that the records are grand jury materials entitled to secrecy, should be respected by the federal courts.

Tynan I, 757 F.2d 1091-93. (McWilliams, C.J., dissenting).

In Tynan II, the Tenth Circuit granted a rehearing en banc "because [the] case appeared to raise important questions under the supremacy and full faith and credit clauses of the United States Constitution." Tynan II, 776 F.2d at 251. The Tenth Circuit noted that "[i]t is established doctrine . . . that federal courts should avoid `unseemly conflict between two sovereignties, the unnecessary impairment of state functions, and the premature determination of constitutional questions.'" Id., citing Martin v. Creasy, 360 U.S. 219 (1959). However, the Tenth Circuit never reached the comity question raised by its decision in Tynan I because the court believed that "the problems inherent in the [Tynan] case [could] be resolved by a course of action that [did] not require [the court] to decide whether federal courts have the power to order a state court to release documents it has placed under seal." Id.

In addition to considering the Tenth Circuit's opinions in Tynan I and Tynan II, the court in Resolution Trust Corp., supra, further reviewed two additional district court cases that examine the issue of comity in relation to the power of a federal court to compel the disclosure of state grand jury transcripts. First, the court examined Shell v. Wall, 760 F. Supp. 545 (W.D.N.C. 1991). In Shell, the parties who were subject to a state court grand jury report filed a motion before the federal district court to compel the state to make a limited disclosure of the grand jury transcripts. Id. at 546. In denying the parties' request, the district court revealed that it had concerns about comity

11

questions raised by such an order: "Defendants have basically requested that this court act as a state appeals court and reverse an order by the [lower state] court . . . . [T]he intrusion into what is a statutorily defined part of the state court . . .[is] deeply offensive to the notion of federalism, and one that should be avoided if at all possible." Id.

Second, the Resolution Trust Corp. court reviewed Stump v. Gates, 777 F. Supp. 796 (D. Colo. 1991), where the district court held that it was proper for the court to order the disclosure of state grand jury materials under the three-step test set forth in Douglas Oil Corp. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979).**6** Although Stump involved facts similar to those in Shell where a federal court was asked to order a state court to release grand jury materials, the court found that Stump was easily distinguishable from Shell where such an act was improper. In Stump, the federal district court noted the state court had voluntarily given the federal court the grand jury materials for an in camera review and had indicated its willingness to provide the federal court with the grand jury transcripts should the federal court have found it necessary, whereas in Shell , there was no voluntary relinquishment of the records. Id. at 801. As such, the Stump court recognized that because of the willingness of the state court to release the materials, the Stump case did"not raise the sensitive comity issue of whether federal courts have authority to order state courts to disclose grand jury records . . . ." Id.

_____

**6** It is important to note that our discussion of the comity questions intertwined with this case in no way addresses or questions the propriety of the Supreme Court's three-party test enunciated in Douglas Oil Corp. for deciding whether disclosure of grand jury transcripts is warranted. See Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979) (Parties seeking grand jury transcripts must make a particularized showing that (1) the material they seek is needed to avoid a possible injustice in another judicial proceeding, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that their request is structured to cover only the material needed.).

We do not reach the Douglas Oil test in this case because we find that the issue here is not whether the materials could be properly disclosed, but whether the district court could consider the transcripts as evidence after the state court found that their disclosure was improper.

12

After its examination of the above cases, the Resolution Trust Corp. court found that because the state court had not considered itself bound by the federal court's decision and had not voluntarily agreed to provide the materials for review, the court was required to confront the comity question. Id. at 95. The court rejected the notion that it could compel the state, in derogation of its own order, to release the grand jury materials: "By requesting this Court to file an order requiring the state court to disclose the requested materials, the movant essentially asks this Court to act as a state appellate court. As discussed in Shell, such a request is `deeply offensive to the notion of federalism.'" Id. Accordingly, the court denied the motion to enforce a subpoena duces tecum on the State Attorney General. Id.

We find that the opinions in Resolution Trust Corp., Shell, Tynan II and in Judge McWilliams' dissent in Tynan I, are particularly instructive in guiding our decision in this case. Although this case does not present a situation in which a federal court compelled a state court to release grand jury materials, but rather involves a federal court's decision to honor a state court order recalling such materials after their release, the comity issue raised by this situation is essentially identical to that raised in the above mentioned cases and should be resolved in the same manner. We find that the facts in this case are such that it was proper, and probably necessary, for the district court to have acknowledged and honored the state courts ruling recalling the grand jury materials. First, the state court ruled upon the application of its own criminal rules governing the release of grand jury materials. Federal courts have indicated that state court rulings on their own procedural matters are due a significant amount of deference. Further, from the moment the state court issued its recall order, it clearly indicated its unwillingness to voluntarily allow any use of the grand jury materials. In similar situations in Resolution Trust Corp. and Shell, those courts held that the court could not compel the release of grand jury materials absent the state's voluntarily compliance.

Additionally, by asking the district court to ignore the state court's recall order, ATT essentially asked the district court to act as a state appellate court and overturn the state courts ruling. We agree with the opinions in Resolution Trust Corp. and Shell that it would be improper for a federal court to act as a state appellate court and over-

13

rule a state court decision concerning state criminal procedures. In this case, if the district court had considered the grand jury materials after the recall order, it would have impermissibly intruded into the province of the state appellate courts to review questions concerning state procedural matters. Finally, our commentary in <u>Silva</u> where we noted that, generally, only the court with jurisdiction over the grand jury has the authority to compel disclosure, provides additional support for our opinion that the district court properly abstained from considering the recalled materials because it did not have jurisdiction over the state grand jury.**7**

Accordingly, we find that, on the facts of this case, the district court's decision to respect the state court's recall order and thereby exclude the grand jury transcripts from the consideration of the evidence upon the summary judgment motion was in accordance with our basic principles of comity and federalism.

<u>AFFIRMED</u>

_____

**7** ATT argues that the grand jury materials should have been considered by the district court although they had been recalled because ATT relied on them to support its opposition to the summary judgment motion and was not given the opportunity to provide the court other evidence to support its argument. In response to this argument, we note that "[g]rand jury testimony is not a substitute for proper discovery and should not be used as a panacea for improper, inadequate and untimely discovery." <u>Lucas v. Turner</u>, 725 F.2d 1095, 1106 (7th Cir. 1984).

14